UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAR 29  P 4: 09

U.S. DISTRICT COURT
HARTFORD, CT.

IRVIN ROSE,

    Plaintiff,

v.

    PRISONER
    CASE NO. 3:01CV90 (RNC) (DFM)

JOSEPH P. GANIM, ET AL.,

    Defendants.

## RULING AND ORDER

Plaintiff, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. His complaint alleges that he was "illegally apprehended, arrested, [and] searched" by defendants Perez and Torres, both Bridgeport police officers, who also "confiscated [his] property, and concocted a police report against [him], causing [him] to be incarcerated for seven and one-half months [when] all charges were dismissed by the court." Complaint, page 3. On March 17, 2003, defendants filed and served a motion for summary judgment. On July 8, 2003, plaintiff filed and served a memorandum in opposition, which undertakes to amend his complaint to allege claims against former Bridgeport Mayor Joseph Ganim and Chief of Police Thomas Sweeney based on the conditions of confinement in which arrestees are held at the Bridgeport Police Department. On November 25, 2003, the Court issued a Notice and Order to Pro Se Plaintiff and Defendants directing the defendants to file the statement required by Local Rule 56(a) on or before December 15, 2003, and directing the plaintiff to file a proper Local Rule 56(a)2 Statement and any supporting affidavits or other documentary evidence in opposition to the motion for summary judgment on or before January 16, 2004. To date, there has been no compliance with the Court's Notice and Order.

It is apparent from a review of the parties' papers that plaintiff has no triable claim against defendants Ganim and Sweeny based on the arrest at issue. Plaintiff's attempt to amend his complaint to allege new claims against these defendants -- claims wholly unrelated to the facts alleged in the original complaint -- demonstrates that he never intended to sue them based on the arrest or, if he did, that he no longer wishes to do so. Accordingly, the motion for summary judgment on the claims against these defendants based on the disputed arrest is hereby granted.

Moreover, treating plaintiff's memorandum in opposition as if it included a motion to amend the complaint, the request to amend is denied. The constitutionality of the conditions of confinement of arrestees at the Bridgeport Police Department raises issues of fact and law that do not overlap with or relate in any way to the issues raised by the allegations of the original complaint in this case, which challenges the legality of plaintiff's arrest. Permitting plaintiff to amend the complaint to include a challenge to those conditions of confinement would radically alter the nature of this action and dramatically expand its scope, without justification for doing so, more than three years after the action was filed.

Turning to the motion for summary judgment on the claims against the arresting officers, Perez and Torres, the motion is denied without prejudice to the filing of a renewed motion, on or before April 23, 2004, supported by a proper Local Rule 56 statement.[1]

---

[1] The complaint names two Doe defendants, but plaintiff's papers in opposition to the motion for summary judgment make no reference to any such claims, which are therefore deemed abandoned.

Accordingly, the motion for summary judgment is hereby granted in part and denied in part, and the claims against defendants Ganim and Sweeney are dismissed.

It is so ordered.

Dated at Hartford, Connecticut, this 29th day of March 2004.

_____
Robert N. Chatigny
United States District Judge