UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRVIN ROSE | : |
|         Plaintiff, | :   PRISONER |
| | :   CIV. NO. 3:01CV90 (RNC)(DFM) |
| vs. | : |
| JOSEPH GANIM, ET AL | : |
|         Defendants | :   APRIL 22, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT BY DEFENDANTS TORRES AND PEREZ**

I. **INTRODUCTION**

Irvin Rose has filed a legal action in this Court alleging that "Police Officers M. Perez and P. Torres illegally apprehended, arrested, searched, confiscated the plaintiff's property and concocted a police report against the plaintiff causing the plaintiff to be incarcerated for seven and one-half months which all charges were dismissed by the court." The Complaint was filed pro se naming as Defendants not only Officers Torres and Perez, but also Police Chief Sweeney, Joseph Ganim and Jane and John Doe.

The Defendants filed with the Court a Motion for Summary Judgment dated March 17, 2003, along with supporting Memorandum Affidavit and Exhibits related to the Motion. The Court granted the Summary Judgment as to the Defendants

BMF04073                                1

Thomas Sweeney and Joseph Ganim and did not enter judgment as to the Defendants Torres and Perez but indicated that the Court would permit the Defendants to submit a Motion for Summary Judgment by April 23, 2004 addressing the actions of these Defendants.

In support of this Motion for Summary Judgment, the Defendants have, once again, attached the Memorandum of law that was submitted on March 17, 2003 regarding the Defendants' claims and setting forth the facts alleged by the Plaintiff and the information contained in the police incident report supporting the arrest of Irvin Rose on January 11, 1998.

The facts set forth in the March 17, 2003 Memorandum, with the exception of a change of date in the first line that the events occurred on January 11, 1998, are adopted for this Memorandum (Exhibit "A").

## II.   FACTS

The Defendants rely upon the facts set forth in the 56(a)1 Statement and the Memorandum as set forth above.

## III.   ARGUMENT

### A.   Standard for Summary Judgment

The Defendants adopt the law as set forth in the March 17, 2003 Memorandum and the argument as set forth below.

When a Motion for Summary Judgment is made and supported as provided in Rule 56, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading; but the adverse party's response must set forth specific facts showing there is a genuine issue for trial. Luzar v. National Wildlife Federation, 497 U.S. 871, 883, 110 S. Ct. 3177 (1990)

The prima facie burden is discharged by pointing out to the Court an absence of evidence in support of the non-moving party's claim. Ginsberg v. Healey Car and Truck Leasing, Inc., 189 F.3d 368, 270 (2nd Cir. 1999).

In the instant action the Plaintiff failed to provide any facts that would contradict the facts that he owned the car, that there were stolen plates, or that he possessed narcotics at the time of the arrest.[1]

### B. The Plaintiff Has Failed To Identify Any Actions On The Part Of Officer Torres

Although the Plaintiff has named two individual police officers as Defendants in this action, he has totally failed to allege any acts on the part of Officer Torres. In a review of the Plaintiff's Complaint, he names Officer Torres and then goes on to provide a general description of what he believes to be a violation of his constitutional rights. Nowhere in the body of the claims does Mr. Rose indicate any specific act as to either Officer Torres or Officer Perez. The Defendants also

BMF04073

3

requested that the Plaintiff provide to the Defendants his facts which support the claims as to Officers Perez and Torres, but the Plaintiff failed to respond and provide any rationale (Exhibit "B" – Interrogatories and Production numbers 10, 11, 12 and 13). Lastly, in his Memorandum in Opposition to the Defendants March 17, 2003 Motion for Summary Judgment, there are no facts submitted concerning Officer Torres. To sum it up, the Plaintiff has absolutely no facts to support a claim against Torres.

If, in fact, the Plaintiff should argue that he because Torres appears as an officer in the police report he should be responsible, this claim cannot be supported because the Plaintiff's Complaint alleges solely a false arrest by the Defendants. This is not a claim for conspiracy pursuant to 42 U.S.C. §1985.

Therefore, the Court should grant judgment as to Officer Torres.

In the alternative, the Defendant, Torres, argues that the arrest was supported by a multitude of facts demonstrating probable cause as argued in the March 17, 2003 Memorandum and as argued below.

### C.     The Officers Had Probable Cause For The Arrest

The Defendants set forth facts and law in support of their position that they had probable cause for the detention and subsequent arrest of Mr. Rose. The

---

[1] In fact, the Plaintiff, in his Memorandum in Opposition, stated that he "provided the keys to the vehicle to Perez and that Perez informed him it was a stolen plate on the car but he did not know it was stolen. . . He had just retained title to the car."

BMF04073                                    4

Defendants contend that, based upon the affidavits of Officer Perez and the admissions by Mr. Rose concerning his ownership of the car, his permission to search and the violations of state law, the arrest was proper. Probable cause is a function of "probabilities, not certitude, as viewed by a reasonably prudent law enforcement official considering all the objective facts known prior to effectuating the arrest. Carson v. Lewis, 35 F. Supp. 2nd 250, 257 (E.D. N.Y. 1999). The ultimate dismissal of charges, if proven, against the arrestee does not indicate that the arrest was made without probable cause." Martin v. Rodriguez, 154 F. Supp. 2nd 306, 312 (D. Conn. 2001). In the instant action there was an accumulation of information that became available to the officers from the first arrival at the scene until the actual decision to arrest. In United States v. Arvizu, 534 U.S. 266, 122 S. Ct. 744 (2002), the Supreme Court reinforced the "totality of the circumstances" criteria in determining probable cause.

The Court cannot consider only one part of the circumstances to determine if probable cause existed because it is the totality of the circumstances that is at issue.

In Maryland v. Pringle, 124 S. Ct. 795 (2003), the court found that the Court of Appeals erred in viewing one fact, that is the $763.00 in the car in isolation. The Supreme Court clearly stated that there needed to be a review of the totality of the circumstances in accordance with the decision in Illinois v. Gates, 462 U.S. 213, 230-231 (1983).

As in Maryland v. Pringle, supra, the arrest in the instant action was based upon more than the fact of Mr. Rose's unusual behavior at the time. Mr. Irvin Rose unusual behavior drew the attention or suspicion of the officers towards him. The officers, in accordance with Terry v. Ohio, 92 U.S. 1 (1968) could stop as an investigatory stop, so to speak, a person whose actions raise suspicion. However, here the individual Plaintiff appeared to do more than just draw their attention. He attempted to leave the area once he saw the presence of police. As in Justice Scalia's remarks in California v. Hodarid, 499 U.S. 624 (1991), flight symbolizes guilt as he quoted from proverbs, "The wicked flee when no man pursueth." (Proverbs 28:1)

The law supporting the proposition that police officers have reasonable suspicion of criminal activity if an individual flees is further supported in Illinois v. Wardlow, 120 S. Ct. 673 (2000). In the Illinois case, the defendant, Wardlow, upon seeing police officers in an area known for heavy narcotics trafficking, fled. The officers caught him and upon doing a pat down search, discovered a handgun. The Illinois v. Wardlow court found that the stop, under Terry, and subsequent search and arrest as a result of the stop did not violate the Fourth Amendment.

The facts in Illinois v. Wardlow are similar to the instant action. Like Wardlow, Mr. Rose was in a heavy narcotic trafficking area. This is precisely the reason that both Perez and Torres were patrolling the area where Mr. Rose was located. (See

BMF04073                                      6

affidavit of Perez dated March 12, 2003.) Additionally, the behavior of Mr. Rose to avoid the officers and attempt to distance himself from the officers by going around the building was enough to raise suspicion. The nervous, evasive behavior is another pertinent factor in determining reasonable suspicion. United States v. Brignoni-Ponce, 422 U.S. 873, 95 S. Ct. 2574 (1975).

### D.  The Officers Are Entitled to Qualified Immunity

The Defendants addressed the qualified immunity claim in their March 17, 2003 argument and incorporate this argument with the discussion below.

The Defendants are entitled to make a claim of immunity to prevent a trial or to avoid the burdens of litigation which include the costs and expense of trial. Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 2155-56 (2001).

In the instant action the Defendants agree that an arrest without probable cause is a violation of Fourth Amendment rights and satisfies the clearly established right test; however in the instant case, the officers contend that it was objectively reasonable to detain and, thereafter, arrest the Plaintiff based upon the facts and circumstances known to the officers on January 11, 1998.

In particular, the Defendants contend that a reasonably well trained police officer would have stopped Mr. Rose pursuant to Terry v. Ohio and Illinois v. Wardlow in that his actions and behavior, followed by the false statements and determination that he had violated Connecticut law with an unregistered, uninsured

BMF04073                                       7

motor vehicle with a stolen license plate that he admits was his vehicle and to which he possessed the key. See Exhibit "C" April 22, 2004 affidavit of Miguel Perez.)

THE DEFENDANTS

By: *Barbara B. Massaro*
Barbara Brazzel-Massaro
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT 06604
Tel: #203/576-7647
Fed. Bar #05746

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 22nd day of April, 2004, to:

**Irvin Rose
115 Stone Ridge
Bridgeport, CT 06606**

*Barbara B. Massaro*
Barbara Brazzel-Massaro
Commissioner of the Superior Court